## THE HAMPDEN. THE ANVERSOISE. SOCIÉTÉ ANONYME ANVERSOISE DE NAVIGATION et al. v. COASTWISE TRANSP. CO.

(Circuit Court of Appeals, Fifth Circuit. October 25, 1921.)

Nos. 3730, 3731.

Collision ⬅105—Overtaking vessel held in fault.

Findings of the District Court, on conflicting evidence, that one of two vessels in collision was the overtaking vessel, and in fault for failing to keep out of the way as required by article 24 of the Inland Rules (Comp. St. § 7898), *held* sustained by the evidence.

Appeals from the District Court of the United States for the Southern District of Georgia; Beverly D. Evans, Judge.

Suit in admiralty for collision by the Coastwise Transportation Company, owner of the steamship Hampden, against the steamship Anversoise, the Société Anonyme Anversoise, claimant, with cross suit. Decree in each case in favor of the Hampden, and claimant of the Anversoise appeals. Affirmed.

For opinion below, see 267 Fed. 464.

George T. Cann, of Savannah, Ga., and Earle Farwell, of New York City (Barry, Wainwright, Thacher & Symmers, of New York City, Anderson, Cann & Cann and George T. Cann, all of Savannah, Ga., and Earle Farwell, of New York City, on the brief), for appellants.

Edward E. Blodgett, of Boston, Mass., and Anton P. Wright, of Savannah, Ga. (Blodgett, Jones, Burnham & Bingham, of Boston,

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Mass., O'Byrne, Hartridge & Wright, of Savannah, Ga., Edward E. Blodgett, of Boston, Mass., Anton P. Wright, of Savannah, Ga., and Albert T. Gould, of Boston, Mass., on the brief), for appellee.

Before WALKER, BRYAN, and KING, Circuit Judges.

PER CURIAM. The owner of the steamship Hampden libeled the steamship Anversoise for damages alleged to have been caused by a collision of the two ships in the Savannah river, while they were proceeding up that stream, each of them on its way to Savannah, with a pilot aboard. The master and the owner of the Anversoise libeled the Hampden for damages sustained by the former as a result of the same collision. The court dismissed the libel against the Hampden, and awarded to its owner the agreed amount of the damages sustained by such owner in consequence of the collision. The evidence was conflicting on the question as to which of the two vessels was ahead as they were proceeding up the river prior to the time of the collision. The court found from the evidence that the Anversoise was the overtaking vessel, and that the Hampden was the overtaken one.

It is not fairly open to dispute that if the just mentioned findings are sustained, the evidence warranted the decree rendered, on the grounds that the Anversoise, being the overtaking vessel within the definition of inland rule 24 (U. S. Comp. St. 1918, § 7898), was liable for the damages caused by a collision which would not have occurred but for its violation of the provision of that rule requiring the overtaking vessel to keep out of the way of the overtaken vessel, and that the Anversoise did not sustain the burden of proving that the collision was due to the fault of the Hampden. Our examination of the evidence has led us to the conclusion that it warranted the court's findings to the effect that the Hampden was ahead of the Anversoise prior to the time of the collision, that the Anversoise came up with the Hampden from a direction more than two points abaft the latter's beam, that the Anversoise was proceeding to pass the Hampden until the former's bow was about abreast of the latter's beam, when the former was slowed down shortly before the collision occurred, and that the collision was not due to the fault of the Hampden. We are of opinion that the record does not show that the court erred in rendering either of the decrees which are presented for review.

Those decrees are affirmed.